**METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff–Appellee,**

v.

**Richard E. HANSLIP, Administrator of the Estate of Robert Louis Hanslip, deceased, Defendant–Appellant,**

**Ardith McCool, Defendant–Appellee.**

No. 90–6285.

United States Court of Appeals, Tenth Circuit.

July 16, 1991.

---

William J. Toppeta (David J. Larkin, Jr., of counsel), New York City, for plaintiff-appellee.

Rex D. Brooks, Oklahoma City, Okl., for defendant-appellant.

Before ANDERSON, TACHA, and BRORBY, Circuit Judges.

STEPHEN H. ANDERSON, Circuit Judge.

The single issue presented in this declaratory judgment action is whether the Employee Retirement Income Security Act of 1974 (ERISA) preempts Okla.Stat. tit. 15, § 178 (1981). The district court held it does, and ruled that plaintiff Metropolitan Life Insurance Company (Metlife) acted properly when it distributed life insurance proceeds from an ERISA plan to defendant Ardith McCool, rather than defendant Richard Hanslip, in his capacity as administrator of the estate of Robert Hanslip. We affirm.[1]

## BACKGROUND

Before his death in March of 1989, Robert Hanslip was an employee of General Motors Corporation (GM). As such, he was enrolled in GM's Life and Disability Benefits program. This program was enacted pursuant to and in accordance with ERISA. Benefits from the program included a life insurance policy underwritten by Metlife. That policy allowed Mr. Hanslip to name anyone he wished as beneficiary and permitted him to change the beneficiary at any time.

On July 24, 1988, Mr. Hanslip married defendant Ardith McCool. Approximately two weeks later, he executed a change of beneficiary form designating her as beneficiary to the life insurance proceeds. On September 26, 1988, Mr. Hanslip and Ms. McCool were divorced. Mr. Hanslip died some six months later, an apparent suicide. He never changed the beneficiary on his life insurance nor was there any mention of the insurance during the divorce proceedings.

On April 17, 1989, Ms. McCool executed a claim for the life insurance, which was valued at $32,500.00. In August of that year, Metlife paid the claim in full. Subsequently, defendant Richard Hanslip, as administrator of the estate of Robert Hanslip, also made demand on Metlife for the life insurance proceeds.

In support of his demand, Richard Hanslip relied on Okla.Stat. tit. 15, § 178, which states, in pertinent part:

**§ 178. Death benefits contract for spouse revoked upon death of maker— Divorce or annulment—Exemptions**

---

1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R. App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

A. If, after entering into a written contract in which provision is made for the payment of any death benefit (including life insurance contracts, annuities, retirement arrangements, compensation agreements and other contracts designating a beneficiary of any right, property or money in the form of a death benefit), *the party to the contract with the power to designate the beneficiary of any death benefit dies after being divorced from the beneficiary named to receive such death benefit in the contract, all provisions in such contract in favor of the decedent's former spouse are thereby revoked.* Annulment of the marriage shall have the same effect as a divorce. In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent. (Emphasis Added.)

Application of this statute would, in effect, void the designation of Ms. McCool as beneficiary.

In response, Metlife filed this declaratory judgment action, pursuant to 28 U.S.C. §§ 2201 and 2202, seeking a declaration that the life insurance benefits were properly paid to the beneficiary of record. Metlife took the position that ERISA preempted the Oklahoma statute. In defense, Richard Hanslip argued that the statute was exempt from preemption. On cross motions for summary judgment, the district court ruled in favor of Metlife.[2] This appeal followed.

## DISCUSSION

ERISA's preemption language is very broad. The statute states:

Except as provided in subsection (b) of this section, *the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan* described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

29 U.S.C. § 1144(a) (emphasis added). The only relevant limitation to this language is found in 29 U.S.C. § 1144(b)(2)(A), the "saving clause" of the statute, which exempts from preemption those state laws which regulate insurance, banking, or securities. This saving clause is then limited by 29 U.S.C. § 1144(b)(2)(B), the "deemer" clause, which essentially dictates that states may not treat self-insured ERISA plans as insurers in order to subject them to state insurance regulation. *See Barrientos v. Reliance Standard Life Ins. Co.,* 911 F.2d 1115, 1117 (5th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 795, 112 L.Ed.2d 857 (1991).

 The basic preemption provision of ERISA is deliberately expansive. *See Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 47, 107 S.Ct. 1549, 1552-53, 95 L.Ed.2d 39 (1987); *Settles v. Golden Rule Ins. Co.,* 927 F.2d 505, 508 (10th Cir.1991). Unless otherwise encompassed in the saving clause, any state law relating to any ERISA plan is preempted. Pursuant to this section,

A law "relates to" an employee benefit plan, in the normal sense of the phrase if it has a connection with or reference to such a plan. Under this "broad common sense meaning," a state law may "relate to" a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect.

*Ingersoll-Rand Co. v. McClendon,* —— U.S. ——, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990) (citations omitted). Because the designation of beneficiaries to this life insurance policy "relates to" the ERISA plan, the preemption provision applies. *See Carland v. Metropolitan Life Ins. Co.,* 935 F.2d 1114, 1118-19 (10th Cir.1991) (designated beneficiary's claim for wrongful denial of insurance proceeds is related to the plan); *McMillan v. Parrott,* 913 F.2d 310, 311 (6th Cir.1990) ("The designation of ben-

---

**2.** Metlife joined Ardith McCool in the declaratory judgment action. She also filed a motion for summary judgment which the district court granted. On appeal, she has adopted Metlife's brief.

eficiaries plainly relates to these ERISA plans, and we see no reason to apply state law on this issue.").

■ Richard Hanslip argues, however, that Okla.Stat. tit. 15, § 178 falls under the saving clause because it regulates insurance. We disagree. In *Pilot Life*, the Supreme Court identified the following factors for determining whether a state law regulates insurance:

> [T]he court first considers a 'common sense view' of the language of the saving clause. Second, it determines whether the cause of action falls under the 'business of insurance,' applying three criteria:
>
> (1) whether the state law has the effect of transferring or spreading a policyholder's risk;
>
> (2) whether the state law is an integral part of the policy relationship between the insurer and the insured; and
>
> (3) whether the state law is limited to entities within the insurance industry.

*Kelley v. Sears, Roebuck & Co.*, 882 F.2d 453, 456 (10th Cir.1989) (citations omitted) (citing *Pilot Life*, 481 U.S. at 48–49, 107 S.Ct. at 1553–54).

"A common-sense view of the word 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry." *Pilot Life*, 481 U.S. at 50, 107 S.Ct. at 1554. The statute at issue here is not directed toward the insurance industry. In fact, it is found not in Oklahoma's insurance code, but in the contracts section of the state statutes. Moreover, the statute does not dictate the substantive terms of the insurance contract. *See Kelley*, 882 F.2d at 456. It is directed toward the actions of the insured in designating beneficiaries.

Likewise, the statute fails the "business of insurance" test. It does not alter or spread policyholder risk, nor is the law an integral part of the policy relationship. *See id.* In addition, by its own terms the statute is not limited to the insurance industry. It also applies to annuities, retirement arrangements, and compensation agreements. For all these reasons, the saving clause does not exempt this state law from preemption. While we are sympathetic to the estate's plight, we hold that absent any applicable divorce decree dictating otherwise, the beneficiary designation on file controls the disposition of this case. *See Carland*, 935 F.2d at 1119; *McMillan*, 913 F.2d at 312.

Accordingly, the judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.