METROPOLITAN LIFE INSURANCE COMPANY, on Behalf of the GM LIFE AND DISABILITY BENEFITS PROGRAM, Plaintiff,

v.

June WALSH and Shirley Walsh Braucher, Defendants.

Civ. A. No. 93–1983.

United States District Court, W.D. Pennsylvania.

Feb. 13, 1995.

Daniel E. Wille, Reed, Smith, Shaw & McClay, Pittsburgh, PA, for Metroplitan Life Ins. Co.

James P. McKenna, Jr., Lipsitz, Nassau, Schwartz & Leckman, Pittsburgh, PA, for June Walsh.

Lisa J. Buday, Yablonski, Costello, Leckie & Chaban, Washington, PA, for Shirley Walsh Braucher.

### MEMORANDUM ORDER

LANCASTER, District Judge.

On January 14, 1994, this case was referred to United States Magistrate Judge Kenneth J. Benson for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule 72.1.3.

The magistrate judge's report and recommendation, filed on February 13, 1995, recommended that plaintiff's motion for summary judgment (Docket # 12), which has been joined in by defendant Braucher (Docket # 18), be granted, that defendant Walsh's cross-motion for summary judgment (Docket # 16) be denied, and that an order issue to the effect that defendant Braucher is entitled to payment of the life insurance benefit at issue. The parties were allowed ten (10) days from the date of service to file objections. Service was made on all counsel by first-class mail on February 13, 1995. No objections have been filed. After review of the pleadings and documents in the case, together with the report and recommendation, the following order is entered:

AND NOW, this 16th day of March, 1995;

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment (Docket # 12), which has been joined in by defendant Braucher (Docket # 18), is granted, and that defendant Walsh's cross-motion for summary judgment (Docket # 16) is denied.

IT IS FURTHER ORDERED that defendant Braucher is entitled to payment of the life insurance benefit at issue.

The report and recommendation of United States Magistrate Judge Kenneth J. Benson, dated February 13, 1995 (Docket # 20), is adopted as the opinion of the court.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

BENSON, United States Magistrate Judge.

### I. RECOMMENDATION

It is respectfully recommended that plaintiff's motion for summary judgment (Docket

# 12), which has been joined in by defendant Braucher (Docket # 18), be granted, that defendant Walsh's cross-motion for summary judgment (Docket # 16) be denied, and that an order issue to the effect that defendant Braucher is entitled to payment of the life insurance benefit at issue.

## II. *REPORT*

This is an action filed by the claims fiduciary of an ERISA employee welfare benefit plan seeking a declaration that it is justified in paying to the named beneficiary the death benefit payable under the GM Life and Disability Benefits Program ("GM Plan") which is payable due to the death of Thomas Walsh, Jr., a participant in the GM Plan. The parties have stipulated that decedent Thomas Walsh, Jr., began his employment with General Motors Corporation on April 9, 1953, and retired on September 1, 1992. On June 26, 1963, plaintiff was divorced from his first wife, Shirley Walsh Braucher. Plaintiff died on April 30, 1993.

Facts not stipulated to, but which are uncontroverted in the record, are that plaintiff is the claims fiduciary appointed by the General Motors, the GM Plan administrator, to determine Basic Life Insurance benefit claim eligibility and entitlement. Under the Plan, the participant is entitled to designate a beneficiary on a form which must be filed with plaintiff. A participant may change the beneficiary at any time. Payment must be made to the "beneficiary of record" as reflected on the beneficiary designation form. Decedent Mr. Walsh filed only one beneficiary designation form, on August 10, 1955, and that form listed as the beneficiary defendant Braucher. Plaintiff was married at the time of his death to defendant June Walsh. Hence, the beneficiary form on file at the time of Mr. Walsh's death bore the name of a woman from whom he had been divorced for 30 years, and not the name of his widow, June Walsh. The amount of the benefit at issue is $44,000.00.

Plaintiff has filed a motion for summary judgment, in which defendant Braucher has joined. Defendant Walsh filed a motion for summary judgment. Plaintiff has filed a reply brief. The motions are ripe for disposition.

## *SUMMARY JUDGMENT*

Summary judgment is appropriate if, drawing all inferences in favor of the non-moving party, " ... the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment may be granted against a party who fails to adduce facts sufficient to establish the existence of any element essential to that party's case, and for which that party will bear the burden of proof at trial. *Celotex Corporation v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the initial burden of identifying evidence which demonstrates the absence of a genuine issue of material fact. Once that burden has been met, the non-moving party must set forth " ... specific facts showing that there is a *genuine issue for trial* ..." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). An issue is genuine only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The stipulated and uncontested facts of record establish that, pursuant to the terms of the GM Plan, defendant Braucher is entitled to the death benefit payable due to Mr. Walsh's death. Defendant June Walsh, however, asserts that the designation of beneficiary is ineffectual under Pennsylvania law, which provides as follows:

> If a person domiciled in this Commonwealth at the time of his death is divorced from the bonds of matrimony after designating his spouse as beneficiary of a life insurance policy, annuity contract, pension or profit-sharing plan or other contractual arrangement providing for payments to his spouse, any designation in favor of his former spouse which was revokable by him after the divorce shall become ineffective

for all purposes unless it appears from the wording of the designation or from either a court order or a written contract between the person and his spouse that the designation was intended to survive the divorce. Unless restrained by court order, no insurance company, pension or profit-sharing plan trustee or other obligor shall be liable for making payments to a former spouse which would have been proper in the absence of this section. Any former spouse to whom payment is made shall be answerable to anyone prejudiced by the payment.

20 Pa.C.S.A. § 6111.2. Plaintiff responds that the Pennsylvania law in question is preempted by ERISA. I am constrained to agree.

Plaintiff cites to the case of *Metropolitan Life Insurance Company v. Hanslip,* 939 F.2d 904 (10th Cir.1991). In that case, a similar state law [1] was found to be preempted by ERISA. Indeed, I find the conclusion reached by the *Hanslip* court inescapable in this case as well. ERISA "supercede[s] any and all state laws insofar as they may now or hereafter relate to any employee benefit plan ..." 29 U.S.C. § 1144(a). Here, the GM Plan is clearly an employee benefit plan governed by ERISA, and the Pennsylvania statute at issue clearly "relates to" the GM Plan. *See, Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

▮ Defendant Walsh argues that this case falls within one of the exceptions to the preemption. First, Walsh asserts that § 1144(b)(1) saves the Pennsylvania law from preemption in this case. That provision provides as follows:

(1) This section shall not apply with respect to any cause of action which arose, or

any act or omission which occurred, before January 1, 1975.

Walsh asserts that all of the relevant acts in this case, decedent's 1955 beneficiary designation, the divorce and remarriage, occurred prior to the effective date of § 1144, and that ERISA preemption does not apply. As plaintiff points out, however, the sections of ERISA referenced in § 1144(a) are those which govern the conduct of fiduciaries, trustees and employers. This is illustrated in *Tanzillo v. Local Union 617, International Brotherhood of Teamsters,* 769 F.2d 140 (3d Cir.1985). In that case, the issue was whether the court had jurisdiction over a claim based on a denial of pension benefits since the failure to fund the benefits took place prior to 1975, although the actual denial of pension benefits occurred after the effective date of ERISA. The issue, then, was the nature of the "act or omission" which would give the court jurisdiction. The *Tanzillo* court held as follows:

While the determination of a claim upon the Fund may require the Fund trustees to consider events that have taken place before ERISA's enactment, the act of granting or denying a pension nevertheless involves a contemporaneous construction of the plan's provisions—an 'act or omission' to which ERISA's fiduciary standards apply, and, by extension, over which district courts are unquestionably given jurisdiction.

769 F.2d at 144. Thus, it is the act or omission of a fiduciary or trustee which is the key to application of ERISA, and not the underlying facts of years of service, or date of termination, or, in this case, the date on which the beneficiary designation was made. The key here is when the fiduciary, plaintiff, performed an act or neglected to act. The

---

1. The Oklahoma statute in question is identical in application to the Pennsylvania statute at issue here:

A. If, after entering into a written contract in which provision is made for the payment of any death benefit (including life insurance contracts, annuities, retirement arrangements, compensation agreements and other contracts designating a beneficiary of any right, property or money in the form of a death benefit), the party to the contract with the power to designate the beneficiary of any death benefit dies after being divorced from the beneficiary named to receive such death benefit in the contract, all provisions in such contract in favor of the decedent's former spouse are thereby revoked. Annulment of the marriage shall have the same effect as a divorce. In the event of either divorce or annulment, the decedent's former spouse shall be treated for all purposes under the contract as having predeceased the decedent.

Okla.Stat.tit. 15, § 178.

first time that plaintiff acted was in response to the contradictory claims for benefits filed by defendants after decedent's death in 1993. Therefore, § 1144(b)(1) has no application to this case.

Defendant Walsh also asserts that the "insurance savings clause" of ERISA, 29 U.S.C. § 1144(b)(2)(A), also provides for an exception to preemption in this case. That section provides that preemption shall not apply to state laws regulating insurance. In *Pilot Life Insurance Co. v. Dedeaux,* 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987), the Supreme Court set forth two tests for determining if the saving clause applies to a particular state statute. First, the court should apply a common sense test:

> A common-sense view of the word 'regulates' would lead to the conclusion that in order to regulate insurance, a law must not just have an impact on the insurance industry, but must be specifically directed toward that industry.

481 U.S. at 50, 107 S.Ct. at 1554. Here, as in *Hanslip,* the provision in question is not located among other provisions in Pennsylvania law which regulate insurance, but is, instead, contained in the Estates section. Further, the statute does not dictate the terms of an insurance contract, or require insurers to take or refrain from taking any action with respect to insurance contracts. Rather, the statute in question regulates the insured's actions in designating beneficiaries. Thus, the statute fails the common-sense test, and is preempted.

Even if the statute did not fail the common-sense test, it would fail the second test set forth in *Pilot Life,* the "business of insurance test" which requires the court to determine whether the practice has the effect of spreading a policyholder's risk, whether the practice is an integral part of the policy relationship, and whether the practice is limited to entities within the insurance industry. The statute does not purport, nor does it have the effect, of spreading policyholder risk. Its only effect is to change the designation of who will receive benefits due. Second, although the designation of a beneficiary may be part of the relationship between the insurer and the insured, since it addresses the insured's ability to name a beneficiary, it does not strike at the heart of the policy relationship. Finally, the statute by its own terms applies to pensions, annuities, profit-sharing plans or "other contractual arrangements," and, hence, is not limited in application to insurance contracts. Therefore, the statute also fails the business of insurance test, and is not saved under § 1144(b)(2)(A).

I am not unmoved by the harshness of this result. Although the record is not fully developed in this respect, it seems almost certain that decedent could not have meant for his ex-wife, whom he divorced 30 years ago, to receive his life insurance benefit to the exclusion of his widow to whom he was married for those past three decades. Were this a contract of insurance between Mr. Walsh and an insurer, and not an ERISA plan, the Pennsylvania statute would have its desired effect of preventing such a windfall to a former spouse, and the resultant loss to the persons that decedent no doubt wished to benefit. Neither Pennsylvania nor this court, however, are in a position to alter the provisions of an ERISA plan. If there is to be protection against ERISA plan participants neglecting to change beneficiary designations upon divorce, that protection must come either within the terms of the plans themselves, or from Congress.

### CONCLUSION

Wherefore, on the basis of the foregoing, it is respectfully recommended that the motion for summary judgment filed by plaintiff (Docket # 12) and joined in by defendant Braucher (Docket # 18) be granted, that the motion for summary judgment filed by defendant Walsh (Docket # 16) be denied, and that an order issue to the effect that defendant Braucher is entitled to payment of the life insurance benefit at issue.

In accordance with the Magistrates Act, 28 U.S.C. Section 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file objections to this report.

Dated: February 13, 1995