Affirmed by published opinion. Judge ERVIN wrote the opinion, in which Judge WIDENER joined. Chief Judge WILKINSON wrote a dissenting opinion.
OPINION
ERVIN, Circuit Judge:
International Business Machines Corporation (“IBM”) appeals the award of benefits to the estate of a deceased employee under a plan governed by the Employee Retirement Income Security Act of 1974 (“ERISA”), 29 U.S.C. §§ 1001-1461 (1988). We must determine whether an ERISA participant’s ex-spouse can waive, in a separation agreement incorporated into a divorce decree, her interest as a beneficiary in pension-plan proceeds. We hold that she can, and did. Therefore we affirm.
I.
From October 13, 1969, until his death on June 14, 1993, Thomas Altobelli worked for IBM and participated in two IBM-sponsored employee pension benefit plans. Altobelli did not designate a beneficiary under either plan, but designated his ex-wife, Ms. Helen Dietsch, as the beneficiary of his IBM Group Life Insurance Plan. The pension plans pro *80 vide that, if the participant does not designate a beneficiary, the default beneficiary is the person named in the life insurance plan.
Altobelli and Dietsch divorced on December 27, 1985. They incorporated into the divorce decree a Voluntary Separation and Property Settlement Agreement, which provided that Dietsch surrendered any rights in Altobelli’s IBM plans:
“All of the following property is hereafter the sole and exclusive property of the Husband, and the Wife hereby waives and transfers to the Husband any interest that she may have in the property:
* * ¡I: * * ' *
(g) Husband’s IBM pension and other deferred compensation plans, if any.”
Altobelli likewise surrendered any rights he had in Dietsch’s IBM plans:
“All of the following property is hereafter the sole and exclusive property of the Wife, and the Husband hereby waives and transfers to the Wife any interest that she may have in the property:
* * * * * *
(g) Wife’s IBM pension and other deferred compensation plans, if any.”
Both parties signed the agreement and their signatures were notarized.
Altobelli did not designate a new beneficiary under either the pension plans or the life insurance plan. After he died, IBM notified his estate’s representative that it intended to distribute the pension-plan proceeds to Dietsch, despite the separation agreement, because she still was the default beneficiary under the plans’ terms. The estate responded by bringing this action for a Declaratory Judgment, claiming that Dietsch had waived her interest in both the life insurance proceeds and the pension-plan proceeds. Dietsch intervened as a defendant, but contested only the estate’s claim to the life insurance proceeds. Agreeing that the facts were undisputed, the parties moved for summary judgment.
The district court determined that Dietsch was entitled to the life insurance proceeds, but that she had waived her interest in the pension-plan proceeds. It awarded the pension-plan proceeds to the estate. The estate elected not to appeal the disposition of the insurance proceeds, and Dietsch does not contest the finding of waiver regarding the pension-plan proceeds. But IBM timely appealed, arguing that it must administer the pension plans only according to their terms, without regard to the separation agreement.
II.
Summary judgment is proper if “there is no genuine issue as to any material fact.” E.g., Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). Since both parties agree that the facts are undisputed, summary judgment is appropriate in this case. This Court reviews a grant of summary judgment de novo. Higgins v. E.I. DuPont de Nemours & Co., 863 F.2d 1162, 1167 (4th Cir.1988).
III.
The issue before this court is whether a divorced spouse, who was the designated beneficiary under her ex-husband’s ERISA plan, effectively waived her benefits via a marital settlement agreement that was incorporated into a divorce decree. ERISA does not address this topic directly, so federal courts may resolve it by developing federal common law. See Phoenix Mut. Life Ins. Co. v. Adams, 30 F.3d 554, 562 (4th Cir.1994).
IBM presents two arguments to support its position that the waiver should be ineffective. First, it notes that one of ERISA’s purposes is to facilitate “uniform, uncomplicated administration” of pension plans. Krishna v. Colgate Palmolive Co., 7 F.3d 11, 16 (2d Cir.1993). ERISA expressly requires that the plan be administered “in accordance with the documents and instruments governing the plan.” 29 U.S.C. § 1104(a)(1)(D) (Supp. II 1990). IBM interprets that requirement to mean that a plan administrator should be required to look only to the plan to discharge his duties. Second, IBM contends that the anti-alienation clause required by ERISA prohibits a plan beneficiary from waiving her benefits. ERISA mandates that *81 “[e]ach pension plan shall provide that benefits under the plan may not be assigned or alienated.” 29 U.S.C. § 1056(d)(1) (1988). The IBM pension plans comply with that provision.
Several other circuits have addressed the issue of waiver by a beneficiary. On facts very similar to this case, the Seventh Circuit decided that a nonparticipant beneficiary can waive her benefits through specific language in a divorce settlement. Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown, 897 F.2d 275, 280-81 (7th Cir.) (en banc), cert. denied, 498 U.S. 820, 111 S.Ct. 67, 112 L.Ed.2d 41 (1990). The anti-alienation clause, the court determined, is a spendthrift device intended to ensure that employees’ accrued benefits are available for retirement: “These provisions focus on the assignment or alienation of benefits by a participant, not the waiver of a right to payment of benefits made by a designated beneficiary.” Id. at 279.
The Eighth Circuit did not address the anti-alienation clause, but held that an ex-spouse can waive pension benefits in a divorce settlement if the waiver specifically refers to and modifies the beneficiary interest. Lyman Lumber Co. v. Hill, 877 F.2d 692, 693-94 (8th Cir.1989). The Tenth Circuit agreed, holding that the beneficiary designation on file only controls absent a divorce decree dictating otherwise. Metropolitan Life Ins. Co. v. Hanslip, 939 F.2d 904, 907 (10th Cir.1991).
Two circuits disagree. The Sixth Circuit, like the Eighth and Tenth Circuits, did not address the anti-alienation clause, but held that a divorce settlement cannot effectively waive pension plan benefits because the plan administrator is to consider only the designation on file. McMillan v. Parrott, 913 F.2d 310, 311-12 (6th Cir.1990). To look at other documents, it believed, would be unnecessarily burdensome. Id.; accord Krishna v. Colgate Palmolive Co., 7 F.3d 11, 16 (2d Cir.1993) (“It would be counterproductive to compel the Policy administrator to look beyond those designations into varying state laws regarding wills, trusts and estates, or domestic relations to determine the proper beneficiaries of Policy distributions.”).
We agree with the Seventh Circuit that the anti-alienation clause does not apply to a beneficiary’s waiver. As the Supreme Court has noted, the purpose of the clause is “to safeguard a stream of income for pensioners (and their dependents ... ).” Guidry v. Sheet Metal Workers Nat. Pension Fund, 493 U.S. 365, 376, 110 S.Ct. 680, 687, 107 L.Ed.2d 782 (1990). To bar a waiver in favor of the pensioner himself would not advance that purpose.
We also agree that giving effect to a waiver contained in a domestic relations order does not burden plan administrators in a manner violative of ERISA. ERISA was designed to simplify plan administration as much as possible, but it still requires administrators to consider divorce decrees to determine whether they are Qualified Domestic Relations Orders,* which are enforceable. 29 U.S.C. § 1056(d)(3)(G)® (1988). Thus, as the Seventh Circuit determined, “[n]o such additional burdens will be imposed” by enforcing waivers. Fox Valley, 897 F.2d at 282.
In this case, each party clearly intended to relinquish all interests in the pension plans of the other. Congress’s provision for QDROs reveals that, in some situations, it deems the intent of the parties sufficiently important to override the policy of simplified administration. Because enforcement of a divorce agreement’s specific waiver of ERISA pension-plan benefits would require no marginal *82 infringement of that policy beyond the infringement already necessitated by the QDRO provision, and since ERISA does not directly address the issue, we join the Seventh Circuit in holding as a matter of federal common law that such a waiver is to be given full effect.
IV.
Dietsch specifically waived, in her marital settlement agreement, any interest she had in her husband’s pension plans. Because we hold that her waiver is effective, we affirm the district court’s order awarding the pension benefits to Altobelli’s estate.

AFFIRMED.

 Wc refer to QDROs only to point out that there arc situations when ERISA requires plan administrators to consult documents outside the plans themselves. The estate asks us to address them in greater depth, arguing that the divorce order in this case was a QDRO. IBM responds that the estate did not make that argument below and thus is precluded from doing so here. Wc will not consider an issue not raised below absent "exceptional circumstances.” United States v. One 1971 Mercedes Benz, 542 F.2d 912, 915 (4th Cir.1976); accord, e.g., Maryland Dep’t of Human Resources v. Department of Agriculture, 976 F.2d 1462, 1473-74 (4th Cir.1992); Bakker v. Grutman, 942 F.2d 236, 242 (4th Cir.1991) (requiring "denial of fundamental justice”). There certainly are no exceptional circumstances in this case, since our decision on other grounds favors the estate, so wc do not address whether the order was a QDRO.