LIFE INSURANCE COMPANY OF NORTH AMERICA and Connecticut General Life Insurance Company

v.

Talvin NEARS, Carlos Hall, Jr., Triqueeni Hall, and Essie Theus as the Tutrix of Sheunette Hall and Lakeshia Hall.

### Civil A. No. 95–1307.

United States District Court,
W.D. Louisiana,
Alexandria Division.

April 9, 1996.

---

Penny D. Sellers and Patrick F. Robinson, Wilkinson Carmody & Gilliam, Shreveport, LA, for Life Insurance Co. of North America and Connecticut General Life Insurance Co.

Steven I. Young, I, Baton Rouge, LA, for Carlos Hall, Jr. and Triqueeni Hall.

Steven I. Young, I, Baton Rouge, R. Raymond Arthur, and Tama Blanchard Thomas, Watson Murchison Crews Arthur & Corkern, Natchitoches, LA, for Essie Theus, Tutrix obo Sheunette Hall obo, Lakeshia Hall.

Daniel W. Frazier, Winnfield, LA, for Talvin Nears, Jr.

## RULING

LITTLE, District Judge.

For the reasons that follow, the Motion for Summary Judgment filed by defendant-in-interpleader, Talvin Nears, Jr., is granted in part and denied in part.

### I

Plaintiffs-in-interpleader, Life Insurance Company of North America ("LINA") and Connecticut General Life Insurance Company ("CG") filed this interpleader action pursuant to Federal Rule of Civil Procedure 22, naming as defendants Talvin Nears, Jr., the surviving spouse of Patsy Nears, Carlos Hall, Jr. and Triqueeni Hall, children of Patsy Nears through a previous marriage to Carlos Hall, and Essie Theus, legal tutrix for Sheunette Hall and Lakeshia Hall, minor children of Patsy Nears through the same previous marriage.

The legal dispute in this case arises from the death of Patsy Nears in a motor vehicle accident on 7 October 1994. At the time of her death, Mrs. Nears, a resident of Winn Parish, Louisiana, was an employee of Wal–Mart Stores, Inc. and was insured under several employer-funded group life insurance policies issued to Wal–Mart by LINA and CG. At the time of her death, Patsy Nears was married to, though no longer residing with, Talvin Nears. No children were born of this marriage.

After her death, the proceeds of certain policies were paid directly to the named beneficiaries. These payments are not disputed. What is in dispute, however, are the payments to be made pursuant to two policies, LINA Policy No. OK–08155552 and CG Policy No. 2013871, for which Mrs. Nears had not executed a beneficiary designation form.

Conflicting claims to the proceeds of these two policies have been made by Mrs. Nears' surviving spouse, Talvin Nears, Jr., and by the children of Mrs. Near's previous marriage. In particular, Mr. Nears claims the

88

policy proceeds pursuant to the "facility of payment" clauses contained in the respective policies. The Hall children, on the other hand, each claim one-fourth of the proceeds pursuant to Louisiana succession laws. In particular, they assert that Mrs. Nears intended to make them the beneficiaries of all her life insurance policies when she executed a beneficiary designation form on 10 March 1994 for the policy whose proceeds have been paid.

In response to these claims, LINA and CG filed this interpleader action and deposited a sum equal to the amount of the disputed proceeds, $115,376.30, in the registry of this court. The plaintiffs-in-interpleader have properly invoked this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that the case arises under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq.

## II

ERISA's basic preemption provision mandates that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a). By now it is well established that this preemption language is very broad and was intended by Congress to be deliberately expansive. Brandon v. Travelers Ins. Co., 18 F.3d 1321, 1325 (5th Cir.1994), cert. denied, — U.S. —, 115 S.Ct. 732, 130 L.Ed.2d 635 (1995); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 45–46, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987). The only limitation to this language is found in the provision's "savings clause" which exempts from preemption those state laws which regulate insurance, banking or securities. 29 U.S.C. § 1144(b)(2)(A). Thus, unless encompassed in the savings clause, any state law "relating to" any ERISA plan is preempted. Metropolitan Life Ins. Co. v. Hanslip, 939 F.2d 904, 906 (10th Cir.1991). A state law has been found to "relate to" an employee benefit plan, within the meaning of the statute, " 'if it has a connection with or reference to such a plan' ... even where the state law is not specifically intended to regulate ERISA covered plans." Brandon, 18 F.3d at

1325 (quoting Shaw v. Delta Air Lines, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983)); Ingersoll–Rand Co. v. McClendon, 498 U.S. 133, 139, 111 S.Ct. 478, 482–83, 112 L.Ed.2d 474 (1990).

Courts in this circuit and elsewhere have consistently held that the designation of beneficiaries clearly "relates to" ERISA plans to a sufficient degree for ERISA to preempt state laws applicable to the factual circumstances of this case. See, e.g., Brandon, 18 F.3d at 1321; Hanslip, 939 F.2d at 906, McMillan v. Parrott, 913 F.2d 310, 311 (6th Cir.1990). As the life insurance policies at issue in this proceeding are Employee Benefit Plans covered under ERISA, see 29 U.S.C. §§ 1002(1) & 1003, the Louisiana laws and jurisprudence relied upon by the Nears' children will not be applicable to this case.

Turning now to the resolution of the conflicting claims presented in this case, we must apply either the statutory language of ERISA, or if we find no answer there, federal common law which, if not clear, may be informed by state law. Brandon, 18 F.3d at 1325. In the instant matter, we need not look to federal common law because section 1104(a)(1)(D) of ERISA plainly addresses the basic interpretive problem presented here by Mr. Nears and the Hall children's conflicting claims. That section requires that a plan administrator administer the plan:

in accordance with the documents and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter II of this Chapter.

29 U.S.C. § 1104(a)(1)(D). In the absence of more complex beneficiary designation problems, ERISA thus simply requires that plan administrators follow plan documents in making beneficiary designation determinations. Cf., Brandon, 18 F.3d at 1325–26 (applying federal common law to resolve conflict where insured never removed former spouse as designated beneficiary but entered into divorce decree divesting spouse of any interest in plan); Phoenix Mut. Life Ins. Co. v. Adams, 30 F.3d 554, 562 (4th Cir.1994) (applying federal common law where question arose out of insured's substantial compliance

with policy's change of beneficiary procedures).

 The "facility of payment" clauses contained in the plan documents for the two policies at issue in this case provide respectively:

**LINA Policy No. OK–0815552**

Payment of Claims

Loss of life benefit will be paid to the beneficiary named in our files.... If there is no surviving beneficiary, the Insured's loss of life benefits will be paid in one lump sum to the first surviving class of the following classes of beneficiaries:

    (a) wife or husband

    (b) child or children

    (c) mother or father

    (d) sisters or brothers

**CG Policy No. 2013871**

Payment of Benefits

To Whom Payable

Any benefits for loss of your life will be paid to your named beneficiary.

Any amount of your loss of life benefits for which there is no designated or surviving beneficiary will be paid, at CG's option, to any of your following living relatives: spouse, mother, father, child, or children, or to the executors or administrators of your estate.

Under the LINA policy, then, in the absence of a named surviving beneficiary the plan administrator must pay the proceeds of the policy to Mr. Nears as he represents the "first surviving class" of those classes of beneficiaries listed in the "facility of payments" clause. Under the CG policy, however, when there is no named beneficiary the plan administrator is vested with discretion to pay benefits to any of insured's living relatives as he sees fits. Put simply, this policy does not rank the classes of relatives in any order or preference in the event there is no surviving named beneficiary, but leaves the decision of choosing a beneficiary to the plan administrator.

We anticipate that CG's administrator may experience some discomfort in making this decision, and we acknowledge that it was this very discomfort that must have led CG at least to file this action seeking to have the court decide in its stead. The court, however, declines to impose its subjective preference in this determination where the insurer has clearly contracted for the discretion to exercise its own judgment.

### III

For the reasons outlined above, defendant-in-interpleader's Motion for Summary Judgment is GRANTED insofar as we find that LINA is obligated to pay the proceeds of Policy No. OK–0815552 to Mr. Nears. Defendant-in-interpleader's Motion is DENIED, however, insofar as we find that CG must exercise the discretion vested in it by the plan document's "facility of payment" clause to determine the distribution of proceeds under Policy No. 2013871. Finding that all legal issues have been resolved, the court orders the parties in this action to prepare jointly and submit for our signature a judgment consistent with this ruling.