METROPOLITAN LIFE INSURANCE COMPANY, Plaintiff,

v.

Mary M. PRESSLEY, Personal Representative for the Estate of Alvin J. Pressley, Deceased, Defendant–Appellant,

Barbara J. Pressley, Defendant–Appellee.

No. 94–2093.

United States Court of Appeals,
Sixth Circuit.

Submitted Feb. 8, 1996.

Decided April 18, 1996.

Rehearing and Suggestion for Rehearing En Banc Denied June 7, 1996.

Randolph D. Phifer, Patterson & Phifer, Detroit, MI, for Plaintiff.

Frank D. McAlpine (briefed), Lansing, MI, for Mary M. Pressley.

Brian D. Albritton (briefed), Bloomfield Hills, MI, for Barbara J. Pressley.

Before: ENGEL, KENNEDY, and SUHRHEINRICH, Circuit Judges.

ENGEL, Circuit Judge.

This is an interpleader action in which Defendant–Appellant Mary M. Pressley, as Personal Representative of the Estate of Alvin Pressley, appeals the decision of the district court granting summary judgment against the estate and in favor of Barbara Pressley, awarding the benefits of Alvin Pressley's insurance plan to Barbara Pressley. For reasons set out below, we AFFIRM.

## FACTS

The facts of this case are undisputed. As an employee of General Motors, Alvin Pressley ("Alvin") participated in a company life insurance plan (the "Plan") subject to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* The Plan provides, in pertinent part, as follows:

> If the Employe [sic] dies while insured for Basic Life Insurance under the Group Policy, the amount of Basic Life Insurance in force on account of the Employe [sic] at the date of the Employe's [sic] death shall be paid to the Beneficiary of record.
>
> . . . .
>
> The Beneficiary is the person or persons designated by the Employe [sic], on a form approved by the Insurance Company and filed with the records maintained in connection with the insurance under the Group Policy, to receive upon the Employe's [sic] death the amount of Basic Life Insurance then payable. The Employe [sic] may change the Beneficiary at any time by filing written notice thereof on such a form with the Employer, or the Insurance Company. Consent of the Beneficiary shall not be requisite to any change of Beneficiary.

(J.A. at 101.) On March 5, 1979, Alvin designated his wife Barbara Pressley ("Barbara") as beneficiary of the Plan.

Approximately five years later, on September 7, 1984, a Judgment of Divorce (the "Divorce Decree") was entered between Alvin and Barbara. As required by Mich. Comp. Laws § 552.101, the Divorce Decree provides, in pertinent part, as follows:

> IT IS FURTHER ORDERED AND ADJUDGED that the Plaintiff and Defendant shall hereafter own any and all items of personal property including, but not limited to household furniture, bank accounts,

pension or retirement funds, stock, bonds or insurance policies or pension plans now in his or her possession, free and clear of any claim thereto by the other; each shall hold the other harmless as to any debt thereon unless otherwise provided herein.

. . . .

*STATUTORY INSURANCE PROVISION*

IT IS FURTHER ORDERED AND ADJUDGED that any rights of either party in any policy or contract of life, endowment or annuity insurance of the other, as beneficiary, are hereby extinguished unless specifically preserved by this judgment.

(J.A. at 52.) Although it is a state court domestic relations order, the Divorce Decree does not qualify as a domestic relations order expressly exempt from ERISA preemption (a "QDRO"). *See* 29 U.S.C. § 1056(d)(3).

On June 10, 1993, Alvin died without having changed the beneficiary of the Plan. A basic life insurance benefit of $35,000 was payable to the beneficiary under the Plan by Metropolitan Life Insurance Company ("Met Life").

Barbara filed a claim with Met Life for the insurance benefits on July 22, 1993. As Personal Representative of Alvin's estate (the "Estate"), Alvin's mother, Mary Pressley ("Mary"), filed a claim for the same benefits on behalf of the Estate. On March 30, 1994, Met Life filed a complaint in interpleader in district court against Barbara and Mary (as Personal Representative of the Estate), and then deposited the subject funds with the court.

Thereafter, Barbara moved for summary judgment. She argued that ERISA preempted state law and that she was entitled to the insurance benefits as the designated beneficiary of the Plan. In opposition, the Estate argued that ERISA does not preempt Mich. Comp. Laws § 552.101(2), which requires that "[e]ach judgment of divorce or judgment of separate maintenance shall determine all rights of the wife in and to the proceeds of any policy or contract of life insurance, endowment, or annuity upon the life of the husband in which the wife was named or designated as beneficiary," Mich.

Comp.Laws § 552.101(2); the divorce decree constituted a waiver by Barbara of the insurance benefits; and even if ERISA preempts Mich.Comp.Laws § 552.101(2), the statute is saved as a regulation of insurance by the state. (J.A. at 178–79.)

The court granted summary judgment in favor of Barbara and awarded her the insurance benefits. The court held that ERISA preempted Michigan domestic relations law and ruled that the designation of Barbara as beneficiary of record controlled. (*Id.* at 190.) The court indicated that neither the statement of waiver in the Divorce Decree, nor Mich.Comp.Laws § 552.101(2), effected a waiver of Barbara's claim to the benefits. (*Id.*)

The Estate timely appealed.

**DISCUSSION**

Summary judgment is appropriate where there are no genuine issues of material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir.1993). As noted above, the facts in this case were undisputed, and the district granted judgment in favor of Barbara as a matter of law. We review the district court's grant of summary judgment de novo. *City Management Corp. v. United States Chem. Co.,* 43 F.3d 244, 250 (6th Cir.1994).

Varying somewhat the approach it took below, the Estate makes essentially two arguments for reversal. First, the Estate contends that the district court erred in not applying federal common law to find that Barbara waived her interest in the insurance benefits. Second, the Estate contends that the Divorce Decree is a final judgment that cannot be collaterally attacked.

In support of affirmance of the district court's decision, Barbara advances essentially three arguments. First, Barbara argues that ERISA preempts Mich. Comp. Laws § 552.101(2) and that under ERISA Alvin's designation of beneficiary controls. Second, she argues that under federal common law,

Alvin did not seek substantially to redesignate the beneficiary of his plan. Finally, Barbara argues that when an insured reserves the right to change the beneficiary of his group term life policy, the beneficiary has no extinguishable or waivable rights in the policy prior to the death of the insured.

■ Section 514(a) of ERISA provides that federal law shall supersede all state laws that "relate to" an ERISA plan. 29 U.S.C. § 1144(a). The sweep of this clause is expansive and must be given its broad, common sense reading. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–48, 107 S.Ct. 1549, 1551–53, 95 L.Ed.2d 39 (1987). The express preemption provisions of ERISA are designed to "establish pension plan regulation as exclusively a federal concern." *Alessi v. Raybestos–Manhattan, Inc.*, 451 U.S. 504, 523, 101 S.Ct. 1895, 1906, 68 L.Ed.2d 402 (1981).

■ A law "relates to" an ERISA plan "if it has a connection with or reference to such plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97, 103 S.Ct. 2890, 2900, 77 L.Ed.2d 490 (1983). Inasmuch as section 552.101(2) would determine the distribution of benefits under the Plan if applied in this case, it has a connection with or reference to Alvin's Plan, rendering ERISA preemptive. "[A] state law may 'relate to' a benefit plan, and thereby be pre-empted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478, 483, 112 L.Ed.2d 474 (1990) (quoting *Pilot Life*, 481 U.S. at 47, 107 S.Ct. at 1552–53); *Moore v. Philip Morris Cos.*, 8 F.3d 335, 341 (6th Cir.1993).

■ This Court, as well as other courts of appeals, has previously decided that a designation of beneficiaries has a connection with or reference to an ERISA plan, preempting state law. *McMillan v. Parrott*, 913 F.2d 310, 311 (6th Cir.1990); *see also Brandon v. Travelers Ins. Co.*, 18 F.3d 1321, 1325 (5th Cir.1994), *cert. denied*, — U.S. —, 115 S.Ct. 732, 130 L.Ed.2d 635 (1995); *Krishna v. Colgate Palmolive Co.*, 7 F.3d 11, 15 (2d Cir.1993); *Metropolitan Life Ins. Co. v. Hanslip*, 939 F.2d 904, 906 (10th Cir.1991); *Lyman Lumber Co. v. Hill*, 877 F.2d 692, 693 (8th Cir.1989); *MacLean v. Ford Motor Co.*, 831 F.2d 723, 727 (7th Cir.1987). *But see Metropolitan Life Ins. Co. v. Pearson*, 848 F.Supp. 1326 (E.D.Mich.1994) (holding that ERISA does not preempt section 552.101).

■ Although they agree that ERISA preempts state law regarding the designation of beneficiaries, the courts of appeals are split regarding the manner in which a beneficiary is then determined. *Brandon*, 18 F.3d at 1325. Most of the circuits that have considered the matter look to federal common law for the controlling principles. *See, e.g., Brandon*, 18 F.3d at 1326; *Fox Valley & Vicinity Constr. Workers Pension Fund v. Brown*, 897 F.2d 275, 278–82 (7th Cir.), *cert. denied*, 498 U.S. 820, 111 S.Ct. 67, 112 L.Ed.2d 41 (1990). They hold that under federal common law a decedent's ex-spouse may waive her interest as beneficiary of the decedent's insurance plan.[1] *See, e.g., Mohamed v. Kerr*, 53 F.3d 911, 914–16 (8th Cir.), *cert. denied*, — U.S. —, 116 S.Ct. 185, 133 L.Ed.2d 123 (1995); *Brandon*, 18 F.3d at 1326; *Fox Valley*, 897 F.2d at 279. *But see Fox Valley*, 897 F.2d at 282–85 (Bauer, Easterbrook, Ripple, and Manion, JJ., dissenting).

1. Under this approach, Barbara *might* have waived her rights as designated beneficiary. To be effective, such a waiver of benefits—which is in addition to the kind of waiver incident to a qualified domestic relations order (or QDRO)—must meet certain criteria; it must specifically divest a spouse of the rights in question. *Brandon*, 18 F.3d at 1327; *McMillan*, 913 F.2d at 312 (dicta); *Fox Valley*, 897 F.2d at 280–81; *Lyman Lumber*, 877 F.2d at 693–94; *see also Barker v. Wingo*, 407 U.S. 514, 525, 92 S.Ct. 2182, 2189, 33 L.Ed.2d 101 (1972) defining waiver, albeit in context of speedy trial right, as "an intentional relinquishment or abandonment of a known right or privilege" (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464, 58 S.Ct. 1019, 1023, 82 L.Ed. 1461 (1938)). The Divorce Decree entered between Barbara and Alvin did not refer to Alvin's insurance plan by name or number. However, it did refer to any "insurance policies or pension plans now in his or her possession" and "rights of either party in any policy or contract of life, endowment or annuity insurance of the other," which references are required by Mich.Comp. Laws § 552.101. (*See* J.A. at 52.)

**130**

The Sixth Circuit takes a different view and holds that ERISA itself supplies the rule of law. *McMillan v. Parrott*, 913 F.2d at 311. In *McMillan*, this Court considered essentially the same question that it faces in this case: whether under the provisions of ERISA the former spouse of a decedent waives her interest as designated beneficiary of the decedent by reason of a broad waiver of rights in the couple's divorce decree. The *McMillan* Court answered that "the explicit provisions of ERISA make clear that [the decedent's former spouse] did not effectively waive her interest as [the decedent's] beneficiary." 913 F.2d at 312.

Section 404(a)(1)(D)of ERISA requires that a plan administrator discharge his duties "in accordance with the documents and instruments governing the plan...." 29 U.S.C. § 1104(a)(1)(D). The Court in *McMillan* found that section to establish a clear mandate that plan administrators follow plan documents to determine the designated beneficiary. 913 F.2d at 312. Accordingly, the Court held that the plan documents naming the decedent's ex-wife as beneficiary of the plan controlled, making her the decedent's beneficiary. *Id.*

■ Employment of that approach in this case produces a like result.[2] The Plan provides that "the amount of Basic Life Insurance in force on account of the Employe [sic] at the date of the Employe's [sic] death shall be paid to the Beneficiary of record." Under the Plan, "the Beneficiary is the person or persons designated by the Employe [sic], on a form approved by the Insurance Company and filed with the records maintained in connection with the insurance under the Group Policy, to receive upon the Employe's [sic] death the amount of Basic Life Insurance then payable." As indicated above, Alvin

designated Barbara as beneficiary of the Plan while they were married and never altered that designation in the manner prescribed by the Plan. Thus, under *McMillan*, Barbara is the proper beneficiary of Alvin's plan.[3]

Inasmuch as it applies, *McMillan* dictates the disposition of this case. We are not free to reject it in favor of some other approach. Accordingly, we must conclude that the district court did not err in holding that Barbara was entitled to Alvin's insurance benefits.

## CONCLUSION

For the reasons stated, the decision of the district court is AFFIRMED.

---

2. We need not consider whether under federal common law, Alvin did not seek substantially to redesignate the beneficiary of his plan or whether, when an insured reserves the right to change the beneficiary of his group term life policy, the beneficiary has no extinguishable or waivable rights in the policy prior to the death of the insured.

3. The Estate's argument that the Divorce Decree is a final judgment that cannot be collaterally attacked is without merit. The gist of the argu-

ment is that 28 U.S.C. § 1738, which requires that state judgments be given "full faith and credit in every court within the United States ... as they have by law or usage in the courts of such State ... from which they are taken," mandates that the Divorce Decree operate as a waiver by Barbara of the benefits in question. While § 1738 is about full faith and credit, nothing in that section purports to do away with ERISA's preemption of state law. Moreover, the argument takes no account of *McMillan*.