**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

CATHY E. MERCHANT,
<u>Plaintiff-Appellant,</u>

and

HENRY'S PHARMACY INCORPORATED,
PROFIT SHARING PLAN,
<u>Plaintiff,</u>

v.                                                                          No. 98-2128

VICKIE B. CORDER (formerly
Forrest),
<u>Defendant-Appellee,</u>

and

NATIONSBANK,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Anderson.
Henry M. Herlong, Jr., District Judge.
(CA-96-1885-20-8)

Argued: April 7, 1999

Decided: July 12, 1999

Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Clarence Rauch Wise, C. RAUCH WISE, Greenwood, South Carolina, for Appellant. Thomas Patrick Murphy, SMITH & MURPHY, North Augusta, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Cathy Merchant appeals from orders of the district court awarding Vickie Corder the interest of Corder's deceased ex-husband in a profit sharing plan (Henry's Pharmacy, Inc. Profit Sharing Plan). We affirm.

I.

South Carolina residents Cally Forrest and Vickie Corder were married from 1974 until their divorce in 1993. Forrest owned and operated Henry's Pharmacy, Inc., and he was enrolled in the pharmacy's profit sharing plan, which was governed by the Employee Retirement Income Security Act (ERISA), see 29 U.S.C. § 1001 et seq. (1994). On October 23, 1981, Forrest designated his wife, Corder, as his plan beneficiary. Some 11 years later, on April 21, 1992, Corder sued Forrest for divorce, alleging adultery. The next month, on May 22, 1992, a state family court judge issued a pendente lite order giving Corder custody of the children, setting Forrest's child support payments, and giving Corder possession of "the parties' former marital residence." On January 4, 1993, Forrest attempted to change the beneficiary of his profit sharing plan; he filed a new form with the trustee, designating Cathy Merchant as his beneficiary. Three months later, on April 19, 1993, the state family court granted Corder a judgment of divorce.

2

The final order in the divorce case provided that Forrest was to pay Corder $30,000 for her share of Henry's Pharmacy. The order also provided that Forrest was to receive "[h]is profit sharing plan" (worth about $38,000), "less the amount [$30,000] to be paid to [Corder] for her share of Henry's Pharmacy." To satisfy Forrest's obligation, the plan trustee withdrew $30,000 of Forrest's interest in the plan, paid $24,000 to Corder, but withheld $6,000 representing taxes due on the early withdrawal.

Corder then obtained an order in family court that required Forrest to pay the $6,000 shortfall. In issuing the order, the court held that Forrest was liable for the withdrawal taxes because Corder "was receiving money [$30,000] for her interest in the pharmacy and not for an interest in her husband's profit sharing plan." Corder returned the $24,000 to the plan trustee. When Forrest thereafter failed to satisfy the obligation, more litigation ensued. Finally, the family court issued an order on March 31, 1994, (1) requiring Forrest to "use all due diligence" to have the plan pay $24,000 to him, (2) requiring Forrest, in turn, to pay this money to Corder immediately, and (3) making Forrest responsible for any tax obligations for the withdrawal from the plan. Corder was still to receive a total of $30,000. Forrest subsequently paid Corder $6,000, but Forrest died in January 1995 without paying Corder anything more.

Following Forrest's death, Merchant and the plan sued Corder and NationsBank (the plan trustee) in federal court seeking a declaration as to the parties' rights to Forrest's interest in the plan. After a bench trial the court ruled that Corder was entitled to the plan assets. Merchant appeals.

II.

ERISA normally requires spousal consent before a plan participant may name a beneficiary other than his or her spouse. See 29 U.S.C. § 1055(c)(2)(A)-(B) (1994); see also 29 U.S.C. § 1055(a)(2), 1055(b)(C)(i). In certain circumstances, however, no consent is required: section 1055(c)(2)(B) dispenses with consent when "the consent required under subparagraph (A) may not be obtained because there is no spouse, because the spouse cannot be located, or because of such other circumstances as the Secretary of the Treasury

3

may by regulations proscribe." Treasury regulations, in turn, provide that consent is not required if "the participant is legally separated or the participant has been abandoned (within the meaning of local law) and the participant has a court order to such effect." 26 C.F.R. § 1.401(a)-20, A-27 (1988).

In district court Merchant and the plan relied on the family court's May 22, 1992, pendente lite order to contend that Forrest and Corder were legally separated when Forrest changed his beneficiary designation to Merchant. Thus, they argued, no consent from Corder was required for the change. The district court disagreed. After noting that it had to look to South Carolina law to determine whether Forrest and Corder were "legally separated," the court concluded that "there is no action for legal separation in South Carolina." Because Forrest could not have been legally separated as required by the Treasury regulation, the district court determined that "Mr. Forrest's attempt to designate Ms. Merchant as the Plan beneficiary is invalid because it was made without Ms. Corder's consent and prior to the final divorce." Thus, the court held that Corder is still the "proper beneficiary" of the plan and entitled to Forrest's share of the plan's assets.

Merchant and the plan then filed a motion for reconsideration in district court, raising additional arguments. They argued that Forrest substantially complied with ERISA's requirements by keeping the change in beneficiary form (naming Merchant) in the plan records until his death. This, they say, showed his clear intent for Merchant to be his beneficiary. The district court again disagreed. The court noted that the doctrine of substantial compliance triggers equitable considerations, and it concluded that equity favors Corder. The district court recounted that the state family court had ordered Forrest to take $30,000 from the plan to pay Corder for her interest in Henry's Pharmacy and that Forrest had reneged on his obligation by failing to pay the bulk of it, $24,000. Thus, the district court concluded that "an equitable doctrine should not be applied to deprive Ms. Corder of money she should have received when the parties divorced in 1993."

Merchant and the plan also argued on reconsideration that Corder waived any interest she had in the plan as a result of the language in the various family court orders which, according to Merchant and the plan, awarded the plan assets to Forrest. Merchant and the plan relied

4

on <u>Altobelli v. IBM</u>, 77 F.3d 78, 81 (4th Cir. 1996) (holding that ex-wife had no interest in ex-husband's ERISA plan because "each party clearly intended [by the terms of a property settlement] to relinquish all interests in the pension plans of the other."). The district court distinguished <u>Altobelli</u>, finding that "the divorcing parties in this case contemplated that money from the Plan would be used to pay Ms. Corder for her interest in Henry's Pharmacy." In other words, the court concluded that Corder expected to receive money from the plan, and therefore she did not exhibit the necessary"clear intent" to relinquish her interest in it. The motion for reconsideration was denied.

III.

After considering the briefs, the joint appendix, and the arguments of counsel, we affirm on the reasoning of the district court. <u>See</u> <u>Merchant v. Corder</u>, No. 8:96-1885-20 (D.S.C. Mar. 27, 1998); <u>Merchant v. Corder</u>, No. 8:96-1885-20 (D.S.C. July 2, 1998) (denying plaintiffs' motion for reconsideration).*

<u>AFFIRMED</u>

_____

*On appeal Merchant also argues that Corder's eventual divorce from Forrest cured any defect in his attempted change of beneficiary. Merchant concedes that no case has gone this far. In light of the general principle that plans must be administered in accordance with ERISA law and plan documents, we reject this argument.

5